Plaintiff seeks review under Wunderlich Act standards of a decision by the House Office Building Commission Contract Appeals Board denying plaintiff’s claims that during the course of performance of its contract for the excavation and construction of the foundation for the Bayburn Building, Washington, D.C., it encountered certain changed conditions which *1034 entitled it to extra costs involved in additional bracing and shoring (composed of additional temporary rakers, an expansion of the temporary raker system indicated on the contract drawings, and the use of a series of sheet piling walls). During contract performance several earth slides occurred. In an assignment of errors plaintiff contends, inter alia, that the Board erred in holding that the soil conditions were not misrepresented and the specifications were not defective, and that the Board arbitrarily ignored evidence of specific unknown and unusual conditions which constituted changed conditions. Plaintiff also contends that a negotiated Change Order No. 6 did not include the costs of sheet piling that had been required. On July 31,1970 Trial Commissioner William E. Day issued a report holding that the evidence is abundantly clear that the 2 to 1 slope required by the contract specifications was not maintained in accomplishing the general excavation and that this was a cause of the initial earth slides and tended to weaken the soil where the later slides took place. Commissioner Day also found that plaintiff, in agreeing to Change Order No. 6 agreed to perform all of the work incident to the change which included the sheet piling. Commissioner Day concluded that the Board was warranted in finding that there were no changed conditions and also that Change Order No. 6 constituted a valid agreement covering the performance of all work therein described at the amended contract price and that there had been no side agreements looking to an increased price for work required by the change order. The case thereafter came before the court on plaintiff’s request for review of the opinion and report of the trial commissioner, on cross-motions for summary judgment pursuant to the order of reference and Rule 166(e). Upon consideration thereof, together with the oral argument of counsel and the briefs of the parties, the court agrees generally with the reasons given by the trial commissioner in his opinion and report and bases its judgment on those reasons. Therefore, by order dated May 21,1971 the court adopted the recommended conclusion of the trial commissioner and appended a copy of his report to the order. The court denied plaintiff’s motion *1035 for summary judgriieht, granted defendant’s cross-motion for summary judgment, and dismissed the petition.